**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 14-20737-CR-MORENO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER ANZALONE,

Defendant.
________________________________/

**PLAINTIFF'S MOTION TO APPRAISE AND SELL DEFENDANT'S HUBLOT WATCH THROUGH A COURT-APPOINTED RECEIVER**

Plaintiff, the United States of America, by and through the undersigned Assistant U.S. Attorney, respectfully moves for an order to appraise and sell Defendant's Hublot watch through a court appointed receiver, and to direct the FBI to transfer the watch to the receiver. In support thereof, the United States submits the following:

1. Defendant pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. On March 27, 2015, Defendant was sentenced to 180 months of incarceration, including a restitution judgment in the amount of **$16,000,000**, plus statutory interest (DE 47).

2. The Federal Bureau of Investigation (FBI) presently has in its custody a Hublot white watch, Model 346.HX.2800.RW, serial number 880844,'which the Defendant voluntarily surrendered to the FBI on March 24, 2015. *See* Exhibit A, Consent to Forfeiture and Waiver of Timely Notice dated March 24, 2015, signed by both the Defendant and his attorney.

3. Notwithstanding that the Defendant executed a Consent to Forfeiture and Waiver of Timely Notice form, *see* Exhibit A, he submitted a letter to the FBI in which he claimed

ownership to the Hublot watch, but he contested the administrative forfeiture. *See* Exhibit B, Defendant's Letter Dated June 9, 2015.

4. Presently, Defendant has paid $10,000 towards the $16,000,000, restitution judgment. The government hereby moves to appraise and sell the Hublot watch through a receiver, and to apply the proceeds to the outstanding criminal restitution judgment.

**<u>Memorandum of Law</u>**

18 U.S.C. § 3613(c) imposes a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986.[1] Under 18 U.S.C. § 3613(a) of the Mandatory Victims Restitution Act (MVRA), "... a judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person fined" with certain exceptions noted at 18 U.S.C. § 3613(a)(1).[2]

Pursuant to 18 U.S.C. § 3556, the procedures under section 3664 shall apply to all orders of criminal restitution. Title 18 of the United States Code, Section 3664, provides procedures for issuance and enforcement of an order of criminal restitution. The MVRA authorizes the Government to enforce a restitution order "by all ... available and reasonable means."[3] 18 U.S.C.

---

[1] All provisions of 18 U.S.C. § 3613 are available for the enforcement of an order of restitution. See 18 U.S.C. § 3613(f).

[2] The exemptions under 26 U.S.C. § 6334(a) are: (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (10) certain service connected disability payments; and (12) assistance under Job Training Partnership Act.

[3] Although garnishment procedures are provided under the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, et. seq., in the present case, the funds are already in the custody of the FBI, a government agency. *See Millard v. U.S.*, 916 F.2d. 1, 2 (Fed. Cir. 1990) (citing *Harris v. Balk,* 198 U.S. 215, 226, 25 S.Ct. 625, 628, 49 L.Ed. 1023 (1905)) (garnishment is a legal proceeding brought by a creditor (garnishor) of a person (the debtor) against a third party (garnishee) to obtain property of the debtor in the hands of the *third party* to satisfy the debt owed to the garnishor).

§ 3664(m)(1)(A)(ii). This Court has the power "to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co.,* 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977).

Defendant presently has an outstanding criminal restitution judgment in the amount of $16,000,000, plus statutory interest. Defendant has already voluntarily surrendered the item to the Government to which he admits ownership. *See* Exhibits A and B. Moreover, the Government's interest has been recognized in retaining seized property from the defendant to insure that the monetary penalties imposed as part of the sentence are paid. *See U.S. v. Duncan*, *918 F.2d 647, 654 (6th Cir. 1990)*(". . . a defendant's right to the return of lawfully seized property is subject to any continuing interest the government has in the property," quoting, *U.S. v. Francis, 646 F.2d 251, 263 (6th Cir.), cert. denied, 454 U.S. 1082, 102 S. Ct. 637, 70 L.Ed.2d 616 (1981).*

Accordingly, the Government hereby moves to expedite the appointment of George Richards of National Auction Company, 1325 S. Congress Ave, Suite 202, Boynton Beach, FL 33426, as the authorized Receiver to appraise and sell the above described Hublot watch belonging to the Defendant in a commercially reasonable manner in lieu of the United States Marshal. The proceeds from the sale of the Hublot watch, after the payment of the Receiver's fees and costs, shall be deposited with the Clerk of the Court, and applied towards the criminal restitution judgment in accordance with 18 U.S.C. § 3612.

WHEREFORE, based on the foregoing, the Government respectfully requests that this Court issue an Order appointing George Richards of National Auction Company, as Receiver to appraise and sell the Hublot watch described above, and to direct the FBI to turn over the Hublot

watch to the court appointed receiver.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: */s/Vivian Rosado*
Vivian Rosado
Assistant U.S. Attorney
99 N.E. 4th Street, Suite 300
Miami, FL 33132-2111
Fla. Bar No. 849367
Telephone No: (305) 961-9313
Fax No: (305) 530-7139
E-mail: vivian.rosado@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and was served *via* U.S. mail to:

Christopher Anzalone, Register # 06975-104
FCI TERMINAL ISLAND
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 3007
SAN PEDRO, CA 90733

*/s/ Vivian Rosado*
Assistant U.S. Attorney